UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PEGASYNC TECHNOLOGIES, INC.,

    Petitioner,

v.                                                                                        Case No. 14-MC-50440
                                                                                          Honorable Victoria A. Roberts
RUDY PATROS,

    Respondent.
_____/

**ORDER VACATING ORDER REQUIRING ADDITIONAL BRIEFING (DOC. # 8) and GRANTING IN PART AND DENYING IN PART PETITION TO PERPETUATE TESTIMONY BEFORE ACTION (DOC. # 1)**

## I. INTRODUCTION

On June 16, 2014, the Court held a hearing on PegaSync's ("Petitioner") petition under Fed. R. Civ. P. 27(a) to perpetuate testimony before action. On June 17, 2014, the Court entered an order requiring additional briefing regarding the petition. After further consideration, the Court needs no more briefs.

For the below reasons, PegaSync's petition under Rule 27(a) is **GRANTED IN PART** and **DENIED IN PART**. The Court order requiring additional briefing (Doc. # 8) is **VACATED**.

## II. FEDERAL RULE OF CIVIL PROCEDURE 27(a)

In pertinent part, Fed. R. Civ. P. 27 provides that:

> (a) Before an Action Is Filed.
>
> (1) *Petition*. A person who wants to perpetuate testimony about any matter cognizable in a United States court may file a verified petition in the district court for the district where any expected adverse party resides. The petition must ask for an order authorizing the petitioner to depose the named persons in order to perpetuate their testimony. The petition must

be titled in the petitioner's name and must show:

>(A) that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought;
>
>(B) the subject matter of the expected action and the petitioner's interest;
>
>(C) the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;
>
>(D) the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and
>
>(E) the name, address, and expected substance of the testimony of each deponent.

**.......**

(3) *Order and Examination*. If satisfied that perpetuating the testimony may prevent a failure or delay of justice, the court must issue an order that designates or describes the persons whose depositions may be taken, specifies the subject matter of the examinations, and states whether the depositions will be taken orally or by written interrogatories.

### III. DISCUSSION

The underlying issue is based on debts Rudy Patros ("Patros") and Security Technologies, Inc. ("SecuraTech") owe to Petitioner. The debts arise from loans Petitioner made to SecuraTech from December 2012 through March 2013. Patros is personally liable to Petitioner as an individual guarantor and co-maker of the loans.

Based on representations made by Patros' counsel, Petitioner expects a future adversary proceeding litigation in United States Bankruptcy Court regarding the nondischargeable nature of debts owed to it by Patros and SecuraTech. For several reasons (e.g., health, age, memory, and/or retention/deletion of documents), Petitioner believes evidence relevant to the anticipated bankruptcy proceeding will be lost if it is

not perpetuated through the taking of depositions and production of documents under Rule 27(a).

In order to preserve testimony and evidence for the anticipated bankruptcy proceeding, Petitioner seeks to depose: (1) Patros – individually and as the principal officer of SecuraTech; (2) Rajinder Kapoor ("Kapoor") – Petitioner's president; and (3) Isam "Sam" Kaoud – a lending consultant who was involved in the loan transactions between Petitioner and SecuraTech/Patros.

The facts Petitioner wants to establish from the proposed testimony are, among other things, that: (1) Patros made several materially false representations to Petitioner's president, Kapoor, to obtain the loans; and (2) Patros diverted the funds to purposes other than the ones for which the funds were loaned. Based on those facts, Petitioner seeks to establish that the debt owed to it by Patros is not dischargeable under the Bankruptcy Code.

Patros opposes Petitioner's Rule 27 petition. He says Petitioner fails to meet his burden under Fed. R. Civ. P. 27(a)(1)(A), which requires that the petition show "that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought." Specifically, Patros says the action is not cognizable in this Court – i.e., the Court does not have jurisdiction over any disputes regarding the debts owed to Petitioner – because a settlement agreement between SecuraTech, Petitioner, and Kapoor, which stems from a state court action[1] between those same parties, provides the state court exclusive jurisdiction. Patros also

---

[1] The parties agree that Petitioner cannot take the proposed depositions in the state court action.

says that Petitioner does not show that it "cannot presently bring [the expected action] or cause it to be brought"; specifically, Patros says Petitioner could file an action in state court alleging common law fraud.

Patros' first argument fails. First, although Paragraph 15 of the settlement agreement provides the state court exclusive jurisdiction, that provision only concerns the ongoing litigation – between Petitioner, Kapoor, and SecruaTech – in state court, which has to do with an allegation of usurious interest. This action falls outside the scope of that litigation – otherwise, Petitioner would be able to take the proposed depositions as part of that action. Furthermore, the Court is not adjudicating the merits of any substantive issues; the action here is merely a procedural mechanism – expressly permitted by the Federal Rules of Civil Procedure – to preserve testimony.

Patros' second argument – i.e., that Petitioner could now bring the action or cause it to be brought by filing a state court action for fraud – also fails. Patros misconstrues the purpose of the petition. Petitioner does not seek to unearth evidence for use in a future civil action for fraud. Rather, Petitioner seeks to preserve evidence in anticipation of a potential adversary proceeding in United States Bankruptcy Court. The Court is satisfied that Petitioner met its burden to show that it cannot bring the anticipated action or cause it to be brought.

The Court finds that Petitioner met its burden under Rule 27(a)(1)(A)-(E). However, Petitioner can only show the need to preserve Kapoor's testimony. In *Kunimoto v. Lehman*, No. 96MS232, 1996 WL 622094 (D.D.C. Oct. 16, 1996), the court explained the requirement that a petitioner show the reason to perpetuate testimony:

> To satisfy the court that the testimony is needed to protect against a failure or delay of justice, the great weight of authority requires the petitioner to show that there is a risk of loss of the desired testimony. *Penn. Mut. Life Ins. Co. v. United States*, 68 F.3d 1371, 1374–75 (D.C.Cir.1995) (indicating that Rule 27 requires a showing that there is "an immediate need to perpetuate testimony" and that "petitioner must establish danger that testimony may be lost") (citations omitted); *Ash v. Cort*, 512 F.2d 909, 911 (3d Cir.1975) (indicating that Rule 27 only applies "in that special category of cases where it is necessary to prevent testimony from being lost"); *In re Hopson Marine Transportation, Inc.*, No. 96–2300, 1996 WL 547467 (E.D.La. Sept. 24, 1996) ("The rule was intended to apply to situations in which testimony might be lost to a prospective litigant unless taken immediately, without having to wait for a lawsuit or other legal proceeding to commence."); *In re Application of Checkosky*, 142 F.R.D. 4, 6–8 (D.D.C.1992) (indicating that the "purpose of Rule 27 is simply to preserve evidence that otherwise would be in danger of being lost" and that "most courts have held that a petitioner must make a particularized showing that the testimony needs to be taken in advance of the contemplated action"). The common situation in which a Rule 27 deposition is appropriate is where there is a risk that a witness will be unavailable at the time of trial, either because of age or infirmity. *Penn. Mut.*, 68 F.3d at 1374; *In re Petition of Banks*, No. 93–C–6914, 1993 WL 502379 (N.D.Ill. Dec. 6, 1993) ("Most petitions to perpetuate testimony have been granted when a witness is aged or gravely injured an in danger [of] dying.").

*Id.* at *2.

Petitioner succeeds in showing the need to preserve the testimony of Kapoor. He is 72 years old and suffers from serious health problems; he recently had two serious heart surgeries, one of which resulted in complications, and he also suffers from chronic anemia, which presents a greater risk of complications with his heart problems. Because the Petition satisfies each requirement under Rule 27(a) as to Kapoor, the Court finds that Petitioner may depose him orally at a time convenient for both him and Patros. Patros and his counsel are allowed to attend the deposition and cross-examine Kapoor. The subject matter of Kapoor's deposition may cover the following: (1) the loan transactions between Petitioner and SecuraTech/Patros; (2) any representations Patros

made to Petitioner, Kapoor, or Kaoud to obtain the loans; (3) any representations Patros made to Petitioner, Kapoor, or Kaoud regarding the intended use of the loaned funds; (4) Kapoor's knowledge of SecuraTech's/Patros' actual use of the loaned funds; (5) the losses Petitioner sustained as a result of the loans; (6) any basic introductory questions that are commonly asked during depositions; and (7) any questions to establish the necessary foundation for Kapoor's testimony.

The Court finds that Petitioner fails to show a *particularized* danger that evidence will be lost if it is not allowed to depose Patros and Sam Kaoud, as required by *Kunimoto*, and the cases cited therein.  See *Kunimoto*, 1996 WL 622094, *2 (and listed cases).  Petitioner is not allowed to depose Patros or Kaoud.  However, since all parties have notice of the potential future dispute, if Patros or SecuraTech destroy any relevant evidence, it may constitute spoliation; they are advised to preserve any relevant evidence.

## IV.   CONCLUSION

PegaSync's petition under Rule 27(a) is **GRANTED IN PART** and **DENIED IN PART**.  PegaSync may orally depose Kapoor in accordance with the above-outlined restrictions.  The Court order requiring additional briefing (Doc. # 8) is **VACATED**.

**IT IS ORDERED**.

                                             /s/ Victoria A. Roberts
                                             Victoria A. Roberts
                                             United States District Judge

Dated:  June 18, 2014

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on June 18, 2014.

s/Linda Vertriest
Deputy Clerk